UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD PETTIES, et al., | Civil Action No. 17-12965 (MAS) (DEA) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION** |
| MIDDLESEX COUNTY PROSECUTOR'S OFFICE, et al., | |
| Defendants. | |

Plaintiffs are proceeding, in forma pauperis, with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983. Because Plaintiffs are proceeding in forma pauperis (*see* Order, Dec. 28, 2017, ECF No. 2), the Court must screen the Complaint to determine whether the case should be dismissed because it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having completed this screening, and for the reasons stated below, the Complaint is dismissed with prejudice.

For the purposes of this Memorandum Opinion, the Court accepts all facts alleged in the Complaint as true and in the light most favorable to Plaintiffs. Plaintiffs' claims arose out of an incident that allegedly occurred on July 15, 2017. (Compl. 6, ECF No. 1.) On that day, an individual approached two police officers, Defendants Jose C. Gomez and Brian Bellafronte. (*Id.*) The individual informed the officers that he had been robbed and that the assailants took his keys, wallet, phone and vehicle. (*Id.*) While the victim was speaking to the officers, he observed his vehicle being driven down the street and past them. (*Id.*) This prompted the officers to stop the

vehicle and arrest the individuals inside, Plaintiffs in the instant matter. (*Id.* at 7.) A criminal indictment was later issued against Plaintiffs. (*Id.*) One of the officers, Gomez, subsequently testified at the grand jury proceeding. (*Id.*)

Plaintiffs assert that their constitutional rights were violated because: (1) the prosecutor in the criminal matter, Defendant Vanessa Craveiro, asked witnesses leading questions at the grand jury proceeding; (2) Gomez lied at the grand jury proceeding by testifying that the victim had positively identified Plaintiffs as his assailants although the victim had not done so; and (3) they were falsely arrested without positive identification by the victim in a "show-up." (Compl. 5.)

It is difficult to discern Plaintiffs' exact claims, but it is clear that the Complaint does not state any constitutional violation. First, prosecutors are not prohibited from asking leading questions at a grand jury proceeding. "In grand jury proceedings, the ordinary rules of evidence do not apply. Leading questions and multiple hearsay are permitted and common." *McKethan v. United States*, 439 U.S. 936, 938 (1978). Contrary to Plaintiffs' contention, Craveiro did not violate their constitutional rights, or any rule of law for that matter, by asking leading questions at the grand jury proceeding.

Moreover, witnesses at a grand jury proceeding are absolutely immune "with respect to any claim based on [their] testimony" in a § 1983 action. *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012); *see Franks v. Temple Univ.*, 514 F. App'x 117, 122 (3d Cir. 2013) ("[W]itnesses who testify before the grand jury enjoy absolute immunity from civil liability for their testimony." (citing *Rehberg*, 566 U.S. at 367)). As such, even if Gomez did indeed lie at the grand jury proceeding, there is no § 1983 liability.

Lastly, the Court construes Plaintiffs' "show-up" claim as a claim of false arrest. The law, however, does not require positive, indisputable identification of criminals before an arrest can be

made. To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995), and *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)); *Couden v. Duffy*, 446 F.3d 483, 494 (3d Cir. 2006) (holding that a false arrest claim is predicated upon a lack of probable cause). Probable cause exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." *Orsatti v. N.J. State Police*, 71 F.3d 480, 482-83 (3d Cir. 1995).

There can be no question, based on the facts as alleged in the Complaint, that the officers had probable cause to arrest Plaintiffs. Even accepting Plaintiffs' factual allegations as true, that the victim at no point identified Plaintiffs as his assailants, the defendant officers still had ample probable cause to arrest Plaintiffs. Here, Plaintiffs were *driving* the same vehicle that the victim was in the act of reporting as stolen and that was presumably stolen only minutes earlier. Plaintiffs' very presence in the stolen vehicle constituted a reasonable basis upon which the officers could conclude that Plaintiffs were the robbers; there may not be a clearer illustration of probable cause. As such, regardless of whether the victim had positively identified Plaintiffs as the assailants, there was no constitutional violation for the arrest because it was supported by probable cause. The Court, accordingly, dismisses all claims in the Complaint for failure to state a claim upon which relief may be granted, and dismisses the Complaint *with prejudice* because the Court finds that an

opportunity to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002).

/s/ M.A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: March 13th, 2018